**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS VASQUEZ-NINO, AKA Jose Luis Vasquez, <br><br>               Petitioner, <br><br>  v. <br><br>MERRICK B. GARLAND, Attorney General, <br><br>               Respondent. | No.   16-73141 <br><br>Agency No. A205-004-513 <br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022[**]

Before:    SILVERMAN, MILLER, and BUMATAY, Circuit Judges.

Jose Luis Vasquez-Nino[1], a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]      In petitioner's testimony before the immigration judge and in his Opening Brief, he asserts that his true name is Jose Luis Vasquez-Pina.

from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We dismiss in part and deny in part the petition for review.

Vasquez-Nino does not challenge the BIA's conclusion that he waived his challenge to the IJ's denial of his asylum application as untimely filed. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). We lack jurisdiction to consider Vasquez-Nino's contentions as to exceptions to the time limitation for asylum applications because he did not raise them to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, we deny the petition for review as to Vasquez-Nino's asylum claim.

Vasquez-Nino does not contend the BIA erred in concluding that he waived any challenge to the IJ's determination that he did not suffer past persecution. *See Martinez-Serrano*, 94 F.3d at 1259-60. Substantial evidence supports the agency's determination that Vasquez-Nino failed to demonstrate that the harm he fears in

16-73141

Mexico would be on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground). Thus, Vasquez-Nino's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Vasquez-Nino failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture). Vasquez-Nino's contentions that the BIA erred in its analysis of his CAT claim fail as unsupported by the record. *See* 8 C.F.R. § 1208.16(c)(2), 1208.18(a)(1)-(6).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**